J-S94009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: H.J.L., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| APPEAL OF: J.A.S., FATHER | |
| Appellant | No. 1381 MDA 2016 |

Appeal from the Decree July 22, 2016
In the Court of Common Pleas of Lancaster County
Orphans' Court at No(s): 36-2016-0552

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 22, 2016**

J.A.S. (Father) appeals from the trial court's order involuntarily terminating his parental rights to his daughter, H.J.L. (Child) (born 7/2009). After careful review, we affirm.[1]

From 2006 through 2014, Lancaster County Children and Youth Social Service Agency (Agency) received multiple reports of child neglect, unsanitary home conditions, domestic violence, inappropriate persons residing in Child's home and drug dealing in the home where Child resided

---

[*] Former Justice specially assigned to the Superior Court.

[1] Child's Guardian Ad Litem has indicated that he concurs with the position of petitioner, Lancaster County Children and Youth Social Service Agency.

with Mother.[2]  In addition, Mother tested positive for marijuana and heroin use.  Father resided in the house with Mother and Child until February 2013, when he was incarcerated for robbery, resisting arrest and related offenses. Father remained in county prison until February 2014; this was the last time he saw Child.  In February 2014, Father was transferred to SCI-Camp Hill; in July 2014, he was transferred to SCI-Retreat.  Father is due to be released from prison in February 2017.

In January 2015, the Agency filed for temporary physical and legal custody of Child; she was adjudicated dependent and placed in foster care. In November 2015, Child was placed in a foster home where she remains to date; it is a pre-adoptive placement.  Child has bonded with her foster parents and attends weekly therapy sessions where she addresses her emotional distress, anger problems, and anxiety issues.

After receiving a letter from an Agency employee in 2015, Father requested contact with Child.  In late November 2015, Father began to write Child letters on a weekly/bi-weekly basis.

On January 19, 2016, the Agency filed a petition to involuntarily terminate Father's parental rights to Child.  On May 23, 2016, and July 18,

---

[2] Mother consented to termination of her parental rights to Child in July 2016.  She is not a party to this appeal.

2016, the court held termination hearings.[3]  On July 22, 2016, the court terminated Father's parental rights to Child pursuant sections 2511(a)(1), (a)(2), (a)(5), and (b) of the Adoption Act.[4]  Father filed a timely appeal in which he raises the following issues for our consideration:

> (1)  Did the trial court err and abuse its discretion in terminating the parental rights of Father where he exerted [a] sincere and genuine effort to maintaining the parent-child relationship, used the resources available to him to preserve the parental relationship, exercised reasonable firmness in resisting obstacles placed in the way of maintaining the relationship, and where Father may be released from prison in a reasonable period of time?
>
> (2)  Did the trial court err and abuse its discretion in finding that there is clear and convincing evidence that it is in H.J.L.'s best interest to terminate Father's parental rights?

We review a trial court's decision to involuntarily terminate parental rights for an abuse of discretion or error of law.  *In re A.R.*, 837 A.2d 560, 563 (Pa. Super. 2003).  Our scope of review is limited to determining whether the trial court's order is supported by competent evidence.  *Id.*  Moreover,

> In a proceeding to terminate parental rights involuntarily, the burden of proof is on the party seeking termination to establish by clear and convincing evidence the existence of grounds for doing so. The standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and

---

[3] On April 11, 2016, the court also held a review hearing where Father, Mother, and several agency employees testified.

[4] *See* 23 Pa.C.S. §§ 2101-2910.

convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." It is well established that a court must examine the individual circumstances of each and every case and consider all explanations offered by the parent to determine if the evidence in light of the totality of the circumstances clearly warrants termination.

*In re adoption of S.M.*, 816 A.2d 1117, 1122 (Pa. Super. 2003) (citation omitted). *See also In re C.P.*, 901 A.2d 516, 520 (Pa. Super. 2006) (party seeking termination of parental rights bears burden of proving by clear and convincing evidence that at least one of eight grounds for termination under 23 Pa.C.S. § 2511(a) exists and that termination promotes emotional needs and welfare of child set forth in 23 Pa.C.S. § 2511(b)).

After reviewing the parties' briefs, the record, and relevant case law, we affirm the trial court's order involuntarily terminating Father's parental rights to Child on the basis of the well-written decision authored by the Honorable Leslie Gorbey. While Father may have the "intent to improve his parenting capacity and ability to provide for H.J.L.," Appellant's Brief, at 17, this does not overcome the fact that he has failed to assert a place of importance in Child's life while he has been incarcerated. *See In re Adoption of S.P.*, 47 A.3d 817, 828 (Pa. 2012) (while incarceration neither compels nor precludes termination, it is potentially determinative factor in court's conclusion that grounds for termination exist under section 2511(a)(2) where repeated and continued incapacity of parent due to incarceration has caused child to be without essential parental care, control or subsistence and causes of incapacity cannot or will not be remedied). In

addition, even though Father may believe that Child "deserves the opportunity to have a relationship with [him,]" Appellant's Brief, at 17, this does not change the fact that Father simply cannot meet "the developmental, physical and emotional needs and welfare of [Child]." 23 Pa.C.S. § 2511(b). Father has not seen his daughter for more than half of her young life, he has not asked the Agency about Child's wellbeing, there is no apparent parent-child bond, and Child has no desire to respond to Father's letters. Finally, the positive impact that the foster parents have had on Child's emotional and developmental needs is significant and supports the trial court's decision to terminate Father's parental rights under section 2511(b). N.T. Termination Hearing, 5/23/16, at 26, 49. ***See In the Interest of T.A.C.***, 110 A.3d 1028 (Pa. Super. 2015).

Order affirmed.[5]

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016

---

[5] We instruct the parties to attach a copy of Judge Gorbey's opinion in the event of further proceedings in the matter.